[Cite as *State v. McCauley*, 2017-Ohio-4373.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DENNIS MCCAULEY | : | Case No. 16-CA-93 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County
                                                         Court of Common Pleas, Case No.
                                                         15 CR 00550

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT:                    June 16, 2017

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

Licking County Prosecutor's Office      STEPHEN T. WOLFE
20 S. Second Street                            Wolfe Law Group, LLC
Newark, Ohio  43055                           1350 W. 5th Ave., Suite 124
                                                         Columbus, Ohio 43212

*Baldwin, J.*

**{¶1}** Defendant-appellant Dennis McCauley appeals his conviction and sentence entered by the Licking County Court of Common Pleas.

**{¶2}** Appellant was arrested on August 13, 2015. On August 27, 2015, the Licking County Grand Jury indicted appellant on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. Appellant, on August 31, 2015, filed a demand for discovery and a Request for a Bill of Particulars. Appellant was released on September 1, 2015.

**{¶3}** At his arraignment on October 6, 2015, appellant entered a plea of not guilty. After appellant failed to appear for a jury trial on December 17, 2015, a capias was issued for his arrest. Appellant was arrested on February 3, 2016. The trial court, pursuant to a Judgment Entry filed on February 28, 2016, appointed new counsel for appellant. Appellant's counsel filed a demand for discovery on March 8, 2016 and a Request for a Bill of Particulars.

**{¶4}** Appellant, on May 9, 2016, filed a pro se Motion to Dismiss on speedy trial grounds.

**{¶5}** Thereafter, on July 25, 2016, appellant withdrew his former not guilty plea and entered a plea of guilty to breaking and entering. As memorialized in a Judgment filed on the same day, appellant was sentenced to twelve months in prison. The trial court also ordered that appellant's sentence be served concurrently with appellant's sentence in another Licking County case. A Nunc Pro Tunc Judgment was filed on August 1, 2016.

**{¶6}** Pursuant to a Judgment Entry filed on January 3, 2017, this Court granted appellant's Motion for Delayed Appeal.

**{¶7}** Appellate counsel for appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) indicating that the within appeal is wholly frivolous. Counsel for appellant has raised two potential assignments of error. Appellant was given an opportunity to file a brief raising additional assignments of error, but none was filed.

**{¶8}** APPELLANT WAS NOT BROUGHT TO TRIAL WITHIN THE STATUTORILY REQUIRED TIME PURSUANT TO R.C. 2945.71(C)(2).

**{¶9}** APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶10}** In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶11}** Counsel in this matter has followed the procedure in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶12} We now will address the merits of appellant's potential assignments of error.

I

{¶13} Appellant, in his first potential assignment of error, argues that his statutory right to a speedy trial was violated.

{¶14} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 383 N.E.2d 579 (1978); *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589 (1980).

{¶15} A person charged with a felony must be brought to trial within 270 days unless the right to a speedy trial is waived. R.C. 2945.71(C)(2). Under the "triple count provision" contained in R .C. 2945.71(E), each day a defendant is held in jail in lieu of bail counts as three days in the speedy trial time calculation. Thus, a defendant held in jail without bail pending a felony charge must be tried within 90 days. Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley,* 162 Ohio App.3d 730, 2005–Ohio–4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

{¶16} However, if a defendant enters a guilty plea, such plea "waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds."

*State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus. By pleading guilty, appellant has waived any right to assert a violation of his statutory speedy trial rights.

**{¶17}** We find that appellant's first potential assignment of error lacks merit.

II

**{¶18}** Appellant, in his potential second assignment of error, argues that he received ineffective assistance of trial counsel.

**{¶19}** The test for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See, also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶20}** In order to warrant a finding trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley.*

**{¶21}** In determining a claim of ineffective assistance of counsel, our review is limited to the record before us. *See State v. Prophet*, 10th Dist. Franklin No. 14AP–875, 2015-Ohio-4997, ¶ 32.

**{¶22}** Appellant, in a November 14, 2016 letter to the trial court, indicated that he had been misinformed and promised probation. However, upon our review of the record, we find that appellant's plea was entered and accepted in accordance with law. Specifically, the court trial conducted a colloquy pursuant to Crim.R. 11. Appellant confirmed he was not under the influence of any drugs, medication or alcohol,  and that he was not threatened, or promised anything. He also confirmed he understood his constitutional rights and the consequences of his plea. Appellant indicated to the trial court that he had enough time to consult with his attorney, had met with his attorney three or four times and was satisfied with him.  We find that appellant's plea was knowing, intelligent and voluntary and that the record fails to show any error on the part of counsel.

**{¶23}** Moreover, to the extent that appellant argues that his trial counsel was ineffective in failing to file a Motion to Dismiss on speedy trial grounds,  appellant also waived his right to effective assistance of counsel in regards to speedy trial issues. See *State v. Mayle*, 5th Dist. Morgan No. CA 07-3, 2008 -Ohio- 286. As noted by the court in *Mayle*, at paragraph 39 "[e]ssentially, by entering a guilty plea a defendant waives all errors, absent a showing that the defendant was coerced or induced into making the plea. *Kelly, supra,* at 130-131. Thus, a guilty plea waives claims of ineffective assistance of counsel based upon statutory speedy trial issues."

**{¶24}** In conclusion, we find no arguably meritorious issues of ineffective assistance of counsel arising from the record. Appellant's second potential assignment of error is, therefore, overruled.

**{¶25}** We have reviewed the record and find Attorney Wolfe complied with the procedures set forth in *Anders.* Furthermore, we have independently examined the entire

record in this matter, including but not limited to the transcript of the change of plea and sentencing hearing, and agree with the conclusion of appellant's counsel there are no arguably meritorious issues or errors which occurred during the proceedings of this matter to be raised or decided on appeal. As such, this Court hereby grants Attorney Wolfe's motion to withdraw.

{¶26} The conviction and sentence entered by the Licking County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.