[Cite as *State v. Zinn*, **2018-Ohio-4191.**]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 18-CA-00001 |
| | : | |
| DARREN J. ZINN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of Common Pleas, Case No. 17-CR-0039

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      October 12, 2018

APPEARANCES:

For Plaintiff-Appellee:

JOSEPH A. FLAUTT
111 North High St.
P.O. Box 569
New Lexington, OH 43764-0569

For Defendant-Appellant:

JAMES S. SWEENEY
341 South Third St., Ste. 100
Columbus, OH 43215

*Delaney, J.*

{¶1}  Appellant Darren J. Zinn appeals from the judgment entry of the Perry County Court of Common Pleas convicting him upon one count of aggravated drug trafficking.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}  A statement of the facts underlying appellant's criminal conviction is not necessary to our resolution of this appeal.  Appellant was charged by indictment with two counts of aggravated drug trafficking pursuant to R.C. 2925.03(A)(2) and (C)(1)(d) [Count I], a felony of the second degree, and R.C. 2925.03(A)(2) and (C)(1)(c) [Count II], a felony of the third degree.  Appellant entered pleas of not guilty and filed an affidavit of indigency.  Counsel was appointed to represent appellant.[1]  Counsel filed a discovery demand and time waiver.  The matter was scheduled for status conference on October 31, 2017 and jury trial on December 14, 2017.

{¶3}  On October 31, 2017, counsel filed a motion to withdraw and the motion was granted on November 3, 2017.  The same day, the trial court appointed new counsel to represent appellant.[2]  Also on that day, notices were filed of a status conference on December 4, 2017 and jury trial on December 20, 2017.

{¶4}  New counsel filed a notice of appearance and a demand for discovery on November 9, 2017.  Appellee responded to the request on November 21, 2017.

{¶5}  On November 27, 2017, defense trial counsel filed a motion in limine to exclude out-of-court statements of confidential informants, a request for the testimony of

---

[1] The trial court appointed attorney R. Rolf Whitney on June 28, 2017.
[2] The trial court appointed attorney Ryan Shepler on November 3, 2017.

the lab personnel who performed the chemical analysis on the drugs, and a motion for leave to file an untimely to suppress. The trial court granted the motion for leave and a motion to suppress was filed on December 4, 2017, in which appellant argued law enforcement's initial entry into the home was unlawful. A suppression hearing was scheduled for December 11, 2017.

{¶6} On December 15, 2017, appellant filed an amended motion to continue the jury trial from December 20, 2017. In support of the motion to continue, appellant argued in pertinent part:

* * * *.

On December 13, 2017, for the first time, it came to the parties' attention that, though [appellant] was indicted with a second-degree felony, the lab reports only support a conviction on a third-degree felony. Counsel would ordinarily have caught this early in the case—however, with significant discovery, a suppression motion to prepare and hold, and the necessary time to prepare for a complicated case—this did not promptly occur.

As a result, only now has [appellee] offered [appellant] a plea to a third-degree felony with a recommended thirty month sentence * * *. However, with the trial scheduled in six days, counsel has no way to timely reach [appellant] to inform him and allow him to consider the plea offer before the scheduled jury trial. Additionally (and as illustrated by the lack of realization that there was not sufficient quantity for a second-degree felony until yesterday),

counsel is concerned that the lack of time for preparation * * * will

affect his preparation for and performance at trial.

* * * *.

{¶7}   Also on December 15, 2017, the trial court filed an entry overruling the motion to suppress, and an entry overruling appellant's amended motion to continue the jury trial.

{¶8}   On December 20, 2017, appellant entered a plea of guilty to Count I as amended to one count of aggravated trafficking in drugs pursuant to R.C. 2925.03(A)(2) and (C)(1)(c), a felony of the third degree.  Count II was thereupon dismissed.  Appellant was sentenced to a prison term of 30 months.

{¶9}   Appellant now appeals from the trial court's Journal Entry of conviction and sentencing filed December 26, 2017.

{¶10} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶11} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S AMENDED MOTION FOR CONTINUANCE."

**ANALYSIS**

{¶12} In his sole assignment of error, appellant argues the trial court abused its discretion in denying the amended motion to continue the jury trial.  We disagree.

{¶13} We first note appellant entered a plea of guilty to the amended Count I, aggravated drug possession.  Pursuant to Ohio Crim.R.11 (B)(1), a plea of guilty is a complete admission of the defendant's guilt.  As appellee points out, a valid guilty plea by a counseled defendant generally waives the right to appeal all prior nonjurisdictional

defects. *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 15, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78 and *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 56.

{¶14} In the instant case, no jurisdictional defect is alleged. Nor does appellant point to any flaw in the admission or acceptance of his guilty plea. Our review of the record indicates appellant's plea was entered and accepted in accordance with law. Specifically, the trial court conducted a colloquy pursuant to Crim.R. 11 and the record indicates appellant's counseled plea was knowing, intelligent and voluntary. See, *State v. McCauley*, 5th Dist. Licking No. 16-CA-93, 2017-Ohio-4373, ¶ 22.

{¶15} Additionally, the record is devoid of any objection raised to the trial court's decision overruling the amended motion to continue the jury trial. The record is essentially silent as to the period between the denial of the motion to continue and the date of the guilty plea to an amended charge.

{¶16} Finally, upon our review of the merits of appellant's argument, the trial court did not abuse its discretion in overruling the motion to continue. "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Therefore, an appellate court must not reverse a trial court's decision to deny a motion for continuance unless it finds that the trial court abused its discretion. *Id.*; *State v. Wheat,* 5th Dist. Licking No. 2003–CA–00057, 2004–Ohio–2088, ¶ 16. The reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the moving party. *State v. Scott*, 5th Dist. Stark No. 2001CA0004, 2001 WL 1744125 (Dec. 28, 2001). In order to find an abuse of discretion, the reviewing court must determine that the trial

court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶17} In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test which takes into account a variety of competing considerations, including the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; and whether the defendant contributed to the circumstance which gives rise to the request for a continuance. *State v. Palmer*, 5th Dist. Richland No. 17 CA 13, 2018-Ohio-1266, ¶ 73, appeal not allowed, 153 Ohio St.3d 1442, 2018-Ohio-2834, 102 N.E.3d 500, citing *State v. Unger,* 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981).

{¶18} In the instant case, the motion at issue was appellant's second motion to continue and the amended motion was filed six days prior to the scheduled jury trial date. Appellee had already subpoenaed witnesses for the December 20 date and it is not evident from the motion to continue what further purpose a continuance would have served. Counsel's issue cited in the motion to continue was time to advise appellant of appellee's offer to an amend Count I to a felony of the third degree with a thirty-month sentence. As discussed supra, appellant did in fact change his plea to one of guilty to the amended charge, Count II was dismissed, and he received a thirty-month sentence. The record is silent as to any objections raised, and the guilty plea and sentencing hearings proceeded without any discussion of the amended motion to continue.

{¶19} Upon consideration of the *Unger* factors, we do not find the trial court abused its discretion. See *Palmer,* supra, at ¶ 75. Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶20} Appellant's sole assignment of error is overruled and the judgment of the Perry County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.